## Commonwealth v. Marcone

*Louis G. Stesis*, assistant district attorney, for the Commonwealth.

*John Luchsinger*, for defendant.

REED, JR., *J.*, November 27, 1984—Defendant, Frank J. Marcone has appealed from a conviction for violation of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §1543, Driving While Operating Privilege is Suspended or Revoked. On February 16, 1983, defendant was stopped by State Police Trooper, Timothy Flynn, for displaying an invalid registration sticker.* At that time, the trooper requested defendant to produce his driver's license, which defendant did. The trooper then found that defendant's driver's license had expired.

Defendant's record disclosed that his license had actually been suspended effective November 30,

---

* The sticker replaced each year upon renewal of a vehicle license.

1982. When the trooper confronted defendant with this information, defendant admitted that he knew his license had been suspended.

Defendant, in due course, was charged with Driv-ing While Operating Privilege is Suspended or Revoked. A hearing was held before District Justice Ewaka on December 15, 1983, and defendant was found guilty and fined $200. Defendant filed a timely summary appeal to this court which is the subject matter of this opinion.

A review of defendant's driving record, which is part of this court's hearing record, establishes that the defendant was convicted on July 13, 1982, of Driving Without a Valid License, 75 Pa.C.S. §1501, and, therefore, his driving privileges were suspended for six months effective November 30, 1982. The official notice of this suspension was mailed to defendant on October 1, 1982.

Defendant contends and testified that he never received any notice from the Pennsylvania Department of Transportation that his license was suspended, effective November 30, 1982, and so defendant asserts that he cannot be found guilty of violating section 1543 of the code (supra) since there was no fault on his part, nor could the Commonwealth prove, beyond a reasonable doubt, that defendant actually received the notice.

In Commonwealth v. Lerario, 83-428 (S.A.), Court of Common Pleas, Delaware County, Pa., (Diggins, S.J.), we held that §1 of the Pennsylvania Motor Vehicle Code Act of June 17, 1976 P.L. 162, 75 P.S. §1543 does not require defendant to have had actual knowledge that his operating privileges were suspended. On the contrary, all that is necessary is that it be proved that defendant was operating his motor vehicle while under suspension. Accordingly, no culpability or intent is required to

convict a defendant, based essentially upon the Pennsylvania "Crime Code" §1 Act of December 6, 1972, P.L. 1482, 18 P.S. §305 (a)(2).

Further, we hold that Commonwealth v. Kane, 460 Pa. 582, 333 A.2d 925 (1975), no longer applies as has been set forth in Lerario, supra and Commonwealth v. Hall, Montour Cty., no. 79-1980 (1981).

Secondly, and most importantly, defendant's denial of receipt of the notice is not and cannot be sufficient of itself to raise an issue of reasonable doubt about the receipt of the notice of suspension from the Department of Transportation. For that is mere denial, corroboration is needed.

But here defendant's admission to the trooper that he knew his license was suspended, coupled with the fact that notice was sent to his correct address, and with the further fact that defendant had not attempted to renew his expired driver's license, dispel all doubt that he, in fact, did receive the notice.

For these reasons, we must deny defendant's appeal.

## ORDER

And now, this November 26, 1984, it is hereby ordered and decreed that defendant's summary appeal be and the same is hereby denied.

Defendant is found guilty of driving while operating privilege is suspended.

The fines and costs heretofore imposed by the district justice are hereby reinstated.

Defendant is granted ten days from the date hereof to file motions for new trial and in arrests of judgment, and if he does, the same must be in writing and set forth all the reasons he has in support of such motions. Pa. R.Crim.P. 1123.